IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


SHEILA DIANE MEREDITH                                          PLAINTIFF

v.                                    CIVIL NO. 18-02168

ANDREW SAUL[1], Commissioner                                   DEFENDANT
Social Security Administration


**MEMORANDUM OPINION**

Plaintiff, Sheila Diane Meredith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application on August 11, 2016, alleging an inability to work since June 2, 2015, due to: back issues, degenerative disc disease, sciatica, obesity, depression, anxiety, panic attacks, learning disabilities, neuropathy in hands and legs, and neck pain. (Tr. 13, 230-31, 249, 253). An administrative hearing was held on March 8, 2018, at which plaintiff appeared with counsel and testified. (Tr. 13, 58-99).

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated May 2, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease (DDD)(disorders of the back, discogenic, and degenerative); obesity; anxiety disorders; depressive disorders, and personality disorders. (Tr. 9, 15). However, after reviewing all evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 15-17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except as follows: The claimant is able to lift and/or carry 20 lbs. occasionally and 10 lbs. frequently, and push and/or pull within the limits for lifting and carrying. She can stand and/or walk 6 hours out of 8 and sit for 6 hours out of 8 with normal breaks. The claimant can occasionally climb ramps, stairs, ladders, scaffolds, and ropes. She can occasionally balance, stoop, kneel, crouch, or crawl. The claimant can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned by rote with few variables and little judgment[,] where the supervision required is simple, direct, and concrete. (Tr. 17-21).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to do any of her past relevant work but would be able perform the representative occupations of a marking clerk, cleaner/housekeeper, or routing clerk. (Tr. 21-23). The ALJ found Plaintiff had not been under a disability from June 2, 2015, through December 31, 2016, the date last insured.  (Tr. 23).

Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 11). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises only one issue on appeal, whether the ALJ's opinion was supported by substantial evidence. (Doc. 13, p. 1, 6). More specifically, Plaintiff argues the ALJ improperly discounted opinions from her treating medical providers. (Id., p. 6). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 29th day of October 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE